```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF CONNECTICUT


PHENOL CLAUDE               :
                            :
     V.                     :  Civ. No.:  3:06CV871 (AHN)
                            :
RONALD D. PEIKES, ESQ.,     :
COUNTRYWIDE HOME LOANS, INC. :
and all related insurers and :
fiduciary Bondholders, and  :
all unnamed John Does 1-10  :
and Jane Does 1-10          :
```

### RECOMMENDED RULING GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND GRANTING DEFENDANTS' MOTIONS TO DISMISS

I.   Introduction

　　　On June 6, 2006, this pro se plaintiff filed a complaint containing two counts.  Reading the complaint liberally, Count I alleges a Truth in Lending Act ("TILA") violation, and Count II alleges a constitutional rights violation.  [Doc. #1].  The Court set pre-trial deadlines requiring all motions to dismiss to be filed by September 6, 2006, and all amended pleadings to be filed by August 5, 2006.  [Doc. #2].  Defendant Countrywide Home Loans ("CHL") filed a motion for a more definite statement and moved to dismiss the complaint on August 15, 2006.  [Docs. #16 and #18].  Defendant Ronald D. Peikes filed a motion to dismiss, or alternatively for summary judgment, on August 17, 2006.  [Doc. #19].

　　　On August 18, 2006, this Court conducted a telephonic status

conference.  At the conference, plaintiff was granted additional time to respond to the motions to dismiss.  [Doc. #21].  On August 29, 2006, plaintiff filed his responses to the motions to dismiss and the motion for a more definite statement.  [Docs. #22 and #23].

On October 2, 2006, plaintiff moved to amend his complaint. [Doc. #24].  Due to the summary nature of plaintiff's amended complaint, this Court denied plaintiff's motion to amend without prejudice, and held that if plaintiff moved to amend his complaint in the future, he must list all the defendants and claims, as well as state the jurisdictional and factual basis for each claim.  [Doc. #28].  Plaintiff filed a second motion to amend on November 8, 2006.  [Doc. #34].  On November 17, 2006, defendant CHL objected to the second motion to amend.  [Doc. #35].  On November 27, 2006, defendant Ronald D. Peikes filed an objection to the second motion to amend.  [Doc. #38].

For the reasons that follow, plaintiff's second motion to amend the complaint **[Doc. #34]** is **GRANTED.**  Defendants' motions to dismiss the amended complaint **[Docs. #16 and #19]** are **GRANTED.** Defendant CHL's motion for a more definite statement **[Doc. #18]** is **MOOT.**  Plaintiff's motion to amend the Rule 26(f) report **[Doc. #36]** is **MOOT.**

II.  Facts

Plaintiff and his former wife, Konstantina Claude, were the

2

owners of real property located at, and known as, 41 Buckland Way, Windsor, Connecticut (the "Property"). Pl's. Compl. §§ C, D; Ex. 001.  Some time in May of 2002, Konstantina refinanced the property, without plaintiff's knowledge, through a loan and mortgage provided by CHL. Pl's. Compl. § D; Ex. 001.  Defendant Peikes represented Konstantina with regard to these CHL loans. Pl's. Compl. § D; Ex. 001.

In his original complaint, plaintiff claims that he did not become aware of the loan and mortgage until some time in August of 2002. Pl's. Compl. § C; Exs. 001 and 002.  In fact, Exhibit 002 is an August 29, 2002 letter from CHL to plaintiff responding to his allegation that there was "fraud in connection with the origination of the referenced loan". Ex. 002.  In his amended complaint, plaintiff states that on May 31, 2002, he was told by Konstantina that "she had refinanced the house". Pl's. Am. Compl. ¶ 12.  Plaintiff then claims that he learned CHL was involved in the refinancing at the end of June 2002.  Pl's. Am. Compl. ¶ 13.

III. <u>Discussion</u>

Plaintiff's original complaint alleged two claims, a civil rights violation and a TILA violation.  The amended complaint contains eighteen (18) claims.  Counts I through XI allege TILA violations and, read liberally, Home Ownership and Equity Protection Act ("HOEPA") violations; Counts XII through Count XVI

allege various torts; Count XVII alleges a RICO violation; and
Count XVIII alleges a violation of constitutional rights.

The defendants, in their respective objections to
plaintiff's motion to amend the complaint, argue that each
amended cause of action is barred by the statute of limitations
and is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).
Thus, defendants allege that the amended complaint is futile and
should be dismissed.

A.   Motion to Amend the Complaint

Rule 15(a) of the Federal Rules of Civil Procedure states
that leave to amend a pleading "shall be freely given when
justice so requires."  In Foman v. Davis, 371 U.S. 178, 182
(1962), the Supreme Court recognized that the decision to grant
or deny a request to amend was within the discretion  of the
district court.  See also John Hancock Mutual Life Ins. Co. v.
Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994) ("it is
within the  sound discretion of the court whether to grant leave
to amend.").  However, in Foman, the Court concluded that leave
should normally be granted under Rule 15(a) absent: "any apparent
or declared reason -- such as undue delay, bad faith or dilatory
motive on the part of the movant, repeated failure to cure
deficiencies by amendments previously allowed, undue prejudice to
the opposing party by virtue of allowance of the amendment,

4

futility of the amendment, etc." <u>Foman</u>, 371 U.S. at 182; <u>see also</u> <u>State Teachers Retirement Bd. v.  Fluor Corp.</u>, 654 F.2d 843, 856 (2d Cir. 1981).  Leave to amend need not be granted with respect to amendments which would not serve any purpose.  <u>Foman</u>, 371 U.S. at 182; 3 James Wm. Moore et al., Moore's Federal Practice ¶15.08, 15-8081 (2d Ed. 1996).

However, pursuant to Rule 15(a), a plaintiff can file an amended complaint as a "matter of right" before a responsive pleading is filed.[1]  Because a motion to dismiss is not such a pleading, plaintiff may amend his complaint as a matter of right. <u>Barbara v. New York Stock Exch., Inc.</u>, 99 F.3d 49, 56 (2d Cir.1996); <u>Elfenbein v. Gulf & Western Indus., Inc.</u>, 590 F.2d 445, 448 n.1 (1st Cir. 1978).

Therefore, the Court will consider defendants' original motions to dismiss and will treat defendants' objections to plaintiff's motion to amend as supplemental memoranda in support of their motions to dismiss.

---

[1] It appears that defendants argue plaintiff does not have an automatic right to amend his complaint and that the motion to amend should be denied.  When reviewing motions to amend, Courts must apply a Rule 12(b)(6) standard of review.  <u>Northwestern Nat'l Insur. Co.</u>, 717 F. Supp. at 153; <u>see</u> 3 James Wm. Moore et al., <u>Moore's Federal Practice</u> ¶15.08, 15-80 (2d Ed. 1996). ("[I]f a complaint or an answer, as amended, would be subject to a motion to dismiss under Rule 12(b)(6) . . . it would be an idle move for the court to allow such an amendment over the objection of the opposing party who could simply make a formal motion to dismiss . . . after leave to amend is granted.").  Therefore, whether reviewing the motion to amend or the motions to dismiss, the Court must apply the same standard of law.

B.   <u>Motions to Dismiss</u>

When considering a Rule 12(b)(6) motion to dismiss, the court is required to accept as true all factual allegations in the complaint and draw inferences from these allegations in the light most favorable to the plaintiff. See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Easton v. Sundram</u>, 947 F.2d 1011, 1014-15 (2d Cir. 1991), <u>cert.</u> <u>denied</u> 504 U.S. 911 (1922).  Dismissal is warranted only if under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984); <u>Fraser v. General Elec. Co.</u>, 930 F.2d 1004, 1007 (2d Cir. 1991); <u>Still v. DeBuono</u>, 101 F.3d 888, 891 (2d Cir. 1996).

A complaint must "set forth enough information to outline the elements of a claim or to permit inferences to be drawn that these elements exist." <u>Golyvar v. McCausland</u>, 738 F. Supp. 1090, 1093 (W.D. Mich. 1990). "Vague and conclusory allegations do not provide fair notice and thus cannot survive a motion to dismiss." <u>Bieros v. Nicola</u>, 860 F. Supp. 226, 229 (E.D. Pa. 1994).  "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." <u>United States v. Yale New Haven Hosp.</u>, 727 F. Supp. 784, 786 (D. Conn. 1990) (citing <u>Scheuer</u>, 416 U.S. at 232).  In deciding such a motion, consideration is limited to the facts stated in the complaint or in documents

6

attached thereto as exhibits or incorporated therein by
reference.  See Kramer v. Time Warner, Inc., 937 F.2d 767, 773
(2d Cir. 1991).

Furthermore, while a complaint must be liberally construed,
Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995), a pro se
party's status does not relieve him of the burden of alleging

sufficient facts on which a recognized legal claim could be
based.  Salahuddin v. Coughlin, 781 F.2d 24, 29 (2d Cir. 1986).

### 1.   Counts I through XI - TILA and HOEPA Violations

The Truth in Lending Act, 15 U.S.C. § 1640(e) provides that,

> any action brought under this section may be
> brought in any United States district court,
> or in any other court of competent
> jurisdiction, within one year from the date
> of the occurrence of the violation.

15 U.S.C. § 1640(e).  Thus, the "statute is clear in setting a
one-year statute of limitation . . .." Boursiquot v. Citibank,
F.S.B., 323 F. Supp. 2d 350, 353 (D. Conn. 2004).  This one-year
statute of limitations is also applied to the Home Ownership and
Equity Protection Act, 15 U.S.C. § 1635.  McKay v. Sacks, 2005 WL
1206810, at *4 (E.D.N.Y. May 20, 2005).

"It is well settled that the 'occurrence of the violation'
means the date the plaintiff enters the loan agreement or, in the
alternative, when the defendant performs by transmitting the loan
funds to the plaintiff." Id. (citing Cardiello v. Money Store,

7

Inc., 2001 WL 604007, at *3 (S.D.N.Y. June 1, 2001)).  In this case, the loans in question closed some time in May of 2002.  Therefore, the limitations period provided in TILA and HOEPA would have expired in May of 2003.  Plaintiff did not file his complaint until June 6, 2006, more than three years after the statute of limitations expired.

Although unclear, it appears plaintiff argues that the statute of limitations was equitably tolled due to the alleged fraud.  Equitable tolling applies as a "matter of fairness where a [party] has been prevented in some extraordinary way from exercising his rights." Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996) (internal quotation marks omitted).  However, equitable tolling is an extreme remedy and should only be applied when a party "is prevented from filing despite exercising the level of diligence which could reasonably be expected in the circumstances." Irwin v. Dept. of Veterans Affairs, 49 U.S. 89, 96 (1990).

Equitable tolling may be applicable to a TILA or HOEPA claim "if there are allegations of concealment and fraud." McAnaney v. Astoria Financial Corp., 2005 WL 366980, at *8 (E.D.N.Y. Feb. 17, 2005).  Applying the federal common-law doctrine of fraudulent concealment, plaintiff must show that: "(1) defendants engaged in a course of conduct to conceal evidence of their alleged wrongdoing; and (2) plaintiffs failed to discover the facts

8

giving rise to their claims despite their exercise of due diligence." Coveal v. Consumer Home Mortgage, Inc., 2005 WL 704835, at *4 (E.D.N.Y. Mar. 29, 2005) (citations omitted). Thus, "[t]he active concealment of fraudulent conduct tolls the statute of limitations only until such time as a reasonable party relying on it actually knew, or should have known, of the unlawful conduct." Id.

According to plaintiff's amended complaint, he learned that his ex-wife had refinanced the marital home on May 31, 2002, the day plaintiff was allegedly scheduled to leave for Haiti. Pl's. Am. Compl. ¶ 12. Despite this knowledge, plaintiff still left the country and did not return home until June 6, 2002. Id. Plaintiff claims that from June 6, 2002 until the end of June, 2002, he attempted to learn who was involved in the refinancing. Pl's. Am. Compl. ¶ 13. Plaintiff admits that by the end of June 2002, he had discovered that CHL had provided the loans. Id.

Assuming that plaintiff met the first requirement of equitable tolling based on fraudulent concealment, namely that defendants engaged in a course of conduct to conceal evidence -- a fact which plaintiff does not allege -- plaintiff fails to prove that he exercised due diligence. It appears plaintiff knew of the refinancing as early of May 31, 2002. Even using a more conservative date at the end of June 2002, plaintiff had one-year, until the end of June 2003, to file his TILA and HOEPA

9

claims.  However, plaintiff did not file this lawsuit until June 6, 2006, approximately three years after the statute of limitations had expired.  Plaintiff's TILA and HOEPA claims, Counts I through XI, are time-barred and are dismissed.

### 2.  Count XVII - RICO Claim

Count XVII of plaintiff's amended complaint seeks damages for the alleged violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*

Although the RICO statute does not contain a statute of limitations, courts have applied a four-year statute of limitations to civil RICO actions.  <u>Agency Holding Corp. v. Malley-Duff & Assoc., Inc.</u>, 483 U.S. 143 (1987).  This statute of limitations is subject to the discovery rule.  <u>Rotella v. Wood</u>, 528 U.S. 549, 554 (2000).  Thus, the statute of limitations begins to run on a civil RICO claim "when [the] plaintiff knew or should have known of his injury."  <u>Id.</u>  However, it is the "discovery of the injury, **not discovery of the other elements of a [RICO] claim** [which] starts the clock."  <u>Id.</u> at 555 (emphasis added).

As stated above, plaintiff admits that he was informed by his ex-wife that she had refinanced the house on May 31, 2002. Under the civil RICO statute, plaintiff had four years from May 31, 2002 to file his claim, that is until May 31, 2006. Plaintiff did not bring his original complaint until June 6,

2006, and he did not file the amended complaint which added this RICO claim until November 8, 2006.  As a result, plaintiff's RICO claim is dismissed under Rule 12(b)(6).

Even if the RICO claim were timely, plaintiff's amended complaint fails to state a claim under RICO.  Construing the amended complaint liberally, plaintiff fails to plead the minimal requirements for a civil RICO claim.  To sustain an action under RICO, "plaintiff must allege that the defendants participated in an enterprise engaged in, or whose activities affect, interstate commerce through a pattern of racketeering activity." McKay, 2005 WL 1206810, at *5 (citing 28 U.S.C. § 1915(e)(2)(b)(ii)). The conclusory allegations alleged in Count XVII do not even broach this minimal requirement.

For the stated reasons, plaintiff's RICO claim is dismissed.

### 3.   Count XVII - Constitutional Rights Violations

Count XVI of the amended complaint expounds on plaintiff's original claims of unspecified constitutional violations. Specifically, the amended complaint appears to  allege discrimination based on sex and national origin in violation of the Fair Housing Act, 42 U.S.C. § 3605(a); a deprivation of rights secured by the Fair Housing Act in violation of 42 U.S.C. § 3601, *et seq.*; and a denial of equal protection in violation of 42 U.S.C. §§ 1981(a), 1983, 1985, and 2000d, *et seq.*  Pl's. Am. Comp. ¶ 109.

11

To the extent the amended complaint alleges Fair Housing Act violations, those claims are subject to the statute's two-year statute of limitations and are subject to dismissal under Fed. R. Civ. P. 12(b)(6).  42 U.S.C. § 3613(a)(1)(A).

While the civil rights statutes do not specify an exact time period for statute of limitations purposes, "the settled practice has been to adopt a local limitation", as long it is not inconsistent with federal law or policy.  Orticelli v. Powers, 197 Conn. 9, 16 (1985).  "In the absence of a federal statute of limitations[,] federal courts borrow the state statute of limitations applicable to the most similar state cause of action."  Kaiser v. Cahn, 510 F.2d 282, 284 (2d Cir. 1974).

The Connecticut statute of limitations borrowed by the federal courts is Conn. Gen. Stat. § 52-577.  Pursuant to this statute, the limitations period for filing a section 1983 action is three years.  See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983).

Based on plaintiff's own allegations, he was aware of the refinancing on May 31, 2002, the date his ex-wife told him that the refinancing had occurred.  The statute of limitations on

plaintiff's civil rights claims, therefore, expired on May 31,
2005.  Even if the Court were to accept plaintiff's argument that
he was not aware of the closing until he received the August 29,
2002 letter, plaintiff's allegations of constitutional violations
are still time-barred.  Calculating the three year statute of
limitations using this later date, plaintiff had until August 29,
2005 to file his civil rights claims.  Plaintiff did not file
suit alleging a violation of his constitutional rights until June
6, 2006, ten (10) months after the three year statute of
limitations had expired.

Based on the above, plaintiff's alleged claims of
constitutional violations pled in Count XVII are dismissed
pursuant to Rule 12(b)(6).

4.  <u>XII through XVI - Common Law Tort Claims</u>

In Counts XII through XVI, plaintiff alleges various state
law torts, including malicious abuse of process, intentional
infliction of emotional distress, fraud, trespass, and
conspiracy.

Although it appears that the three year statute of
limitations for actions founded in tort, as set forth in Conn.
Gen. Stat. § 52-577, would apply to Counts XII through XVI, the
Court declines to exercise jurisdiction over these claims.
Supplemental or pendent jurisdiction is a matter of discretion,
not of right.  <u>See</u> <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715,
715-26 (1966).  Where all federal claims have been dismissed

before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts.  See 28 U.S.C. § 1367(c)(3); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases).  As all of plaintiff's federal claims are dismissed pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's state law claims are hereby dismissed without prejudice.

IV.  Conclusion

     For the reasons stated above, plaintiff's motion to amend the complaint **[Doc. #34]** is **GRANTED**.  Defendants' motions to dismiss the complaint **[Docs. #16 and #19]** are **GRANTED**.  Defendant CHL's motion for a more definite statement **[Doc. #18]** is **MOOT**.  Plaintiff's motion to amend the Rule 26(f) report **[Doc. #36]** is **MOOT.**

     Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of this order. Failure to object within ten (10) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 72.2 of the Local Rules for United States Magistrates; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989)(per curiam); F.D.I.C. v.

<u>Hillcrest Assoc.</u>, 66 F.3d 566, 569 (2d Cir. 1995).

        SO ORDERED this 14th day of December 2006, at Bridgeport,

Connecticut.


                        _____/s/_____
                        HOLLY B. FITZSIMMONS
                        UNITED STATES MAGISTRATE JUDGE